UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO GONZALEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>F. TUVERA, et al.,<br><br>　　　　Defendants. | Case No. 16-cv-02294-JST (PR)<br><br>**ORDER FOR SERVICE OF PROCESS AND SCHEDULING** |

The Court earlier determined that the complaint stated a claim under 42 U.S.C. § 1983 against Salinas Valley State Prison ("SVSP") medical staff and appeals office defendants F. Tuvera, E. Bridgnell, Nurse Orfield, D. Bright, T. Wy, L. Gamboa, K. Kumar, A. Adams, J. Dunlap, J. Villafuerte, E. Talanoa, E. DelaRosa, F. Mejia, J. Turner, and M. Ulloa, and dismissed with leave to amend as to other claims and other defendants. See Docket # 9. Plaintiff has filed a letter stating that elects not to amend his complaint and seeks to proceed with his complaint in its current form. Accordingly, to move this action toward resolution, the Court now orders:

　　1.　The complaint states a cognizable § 1983 claim against F. Tuvera, E. Bridgnell, Nurse Orfield, D. Bright, T. Wy, L. Gamboa, K. Kumar, A. Adams, J. Dunlap, J. Villafuerte, E. Talanoa, E. DelaRosa, F. Mejia, J. Turner, and M. Ulloa for a violation of plaintiff's Eighth Amendment rights. The complaint also states a cognizable § 1983 claim against F. Tuvera for a violation of plaintiff's First Amendment rights. The Clerk shall terminate all other defendants from the docket in this action.

　　2.　The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint and a copy of this order upon the following

defendants at SVSP: F. Tuvera, E. Bridgnell, Nurse Orfield, D. Bright, T. Wy, L. Gamboa, K. Kumar, A. Adams, J. Dunlap, J. Villafuerte, E. Talanoa, E. DelaRosa, F. Mejia, J. Turner, and M. Ulloa.

The Clerk shall also mail a courtesy copy of the complaint and this order to the California Attorney General's Office.

3. In order to expedite the resolution of this case, the Court orders as follows:

a. No later than **91 days** from the date this order is filed, defendants must file and serve a motion for summary judgment or other dispositive motion. A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[1]

If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due.

b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than **28 days** from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

c. Defendants **shall** file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

4. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must

---

[1] If defendants assert that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion). Such a motion should also incorporate a modified Wyatt notice in light of Albino. See Wyatt v. Terhune, 315 F.3d 1108, 1120, n.14 (9th Cir. 2003); Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012).

do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

(The Rand notice above does not excuse defendants' obligation to serve said notice again concurrently with a motion for summary judgment. Woods, 684 F.3d at 939).

5. All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponents. Until defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once defendants are represented by counsel, all documents must be mailed to counsel rather than directly to defendants.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

9. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

IT IS SO ORDERED.

Dated: September 6, 2016

_____
JON S. TIGAR
United States District Judge

4