UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| ALFREDO GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>F. TUVERA, et al.,<br><br>Defendants. | Case No. 16-cv-02294-JST (RMI)<br><br>**ORDER ON DISCOVERY LETTER BRIEF**<br><br>Re: Dkt. No. 54 |

Before the court is the parties' Joint Discovery Letter Brief (Doc. 54), which was referred to the undersigned for disposition. Within the Brief, Plaintiff requests the court issue an order compelling Defendants[1] to produce documents responsive to several of Plaintiff's Requests for Production ("RFP"). Those RFPs fall into three categories, Plaintiff's medical records, Defendants' personnel records, and policies and procedures. On September 12, 2018, the court held a hearing on the matter at which Plaintiff and counsel for Defendants appeared by telephone. For the reasons that follow, the court will grant in part and deny in part Plaintiff's motion to compel.

***Plaintiff's Medical Records***

This dispute concerns Plaintiff's RFP numbers 1, 2, 3, 4, 8, 9, 14, & 15. These requests relate to Plaintiff's own medical records. Defendants assert that Plaintiff was provided all of his medical records in their possession at the time of the request. Plaintiff disagrees and claims that: (1) he has not been provided his most recent records (those records generated after the disclosure); (2) he has not received physical copies of x-rays, videos, or other data from his neurosurgeons or other

---

[1] The RFPs were made to Defendant Tuvera specifically, but as Plaintiff stated at the hearing, the requests are directed at Defendants in concert.

specialists; and (3) that Salinas Valley State Prison ("SVSP") may be withholding documents in bad faith.

With regard to Plaintiff's most recent records and the physical copies of x-rays, videos, or other data from Plaintiff's neurosurgeons or other specialists, Defendant is correct that Plaintiff is in the best position to obtain those records. At the time of the initial disclosure Plaintiff was a prisoner of the California Department of Corrections and Rehabilitation and, thus, his ability to make records requests may have been somewhat limited. Despite objections that the requests were overbroad, Defendants provided Plaintiff with all of his medical records in their possession at that time. Plaintiff is no longer in custody, which means that he has the unencumbered ability to make a demand for any and all of his medical records from any or all of his medical providers. Indeed, Plaintiff is in a better position than Defendants to request Plaintiff's medical records. Plaintiff admitted at the hearing that he has not yet made a formal request for his medical records from SVSP. The court finds that Plaintiff has failed to demonstrate that SVSP has withheld documents in bad faith and has failed to provide a basis for the court to compel Defendants (who are medical staff and appeals office employees) to provide Plaintiff with updated copies of his own medical records.

Further, Defendants have asserted that they have provided all physical copies of x-rays, videos, or other data from Plaintiff's neurosurgeons or other specialists in their possession. This means that to the extent there are other x-rays, videos, or other data from Plaintiff's neurosurgeons or other specialists, those records are maintained by third parties and Plaintiff must request those from the third parties himself.

Accordingly, Plaintiff's requests to compel RFP numbers 1, 2, 3, 4, 8, 9, 14, &15 are DENIED.

***Defendants' Personnel Records***

Plaintiff requests that the court compel responses to his RFP numbers 5, 6, &7, in which

Plaintiff seeks "all DOCUMENTS that REFER TO or RELATE" to the job performance of eight different doctors at SVSP, five different appeals coordinators, and two different nurses. The requests are not limited in time or scope, and demand copies of all documents even related to "performance reviews, promotions, raises, awards, honors, transfers, disciplinary actions, employment history, internal investigations, demerits, critiques, formal or informal criticisms or complaints, suspensions and/or terminations, including any such that were initiated from within

2

the CDCR as well as any that may have been initiated from outside the CDCR."

Joint Letter Brief (Doc. 54) at 2 (quoting Requests for Production (Doc.55) at 8-10). Defendant objects that "Plaintiff's requests are considerably overbroad, vague, unduly burdensome, and seek information that is not relevant to any of his claims or defenses, and are not proportionate to the needs of his case." *Id*. Further, Defendant asserts that "[t]he requests not only violate the Defendants' privacy rights, but those of their patients, coworkers, and countless other third parties. And the requests seek documents protected by the Health Insurance Portability and Accountability Act, the official-information privilege, California Penal Code §§ 832.7 and 832.8, and by the attorney-client and work-product privileges." *Id*. at 3.

At the hearing, Plaintiff agreed to limit his requests to the eight doctors at SVSP and RN Orfield and to documents related to staff complaints, active lawsuits, and to demerits following conduct determined to have been deliberate indifference. Defendants maintain their objections, especially as it relates to privacy concerns.

In light of Plaintiff's explanations at the hearing as to relevance (specifically, his use of any of this potential information to counter Defendants' motion for summary judgment) and his agreement to limit the scope of the requests, the court finds that the motion to compel the personnel records is due to be granted. However, because the records have the potential to put the privacy of medical records of non-parties at risk, the court ORDERS as follows:

(1) Defendants shall, **on or before October 3, 2018**, provide Plaintiff with documents responsive to any RFP numbers 5, 6, & 7, but limited to the eight doctors at SVSP and RN Orfield, and limited in scope as to documents related to staff complaints, active lawsuits, and to demerits following conduct determined to have been deliberate indifference, and limited in time as to documents covering the last 10 years;

(2) as to any documents responsive to these narrowed RFPs, or specific information within the documents that Defendants believe should be redacted or withheld due to privilege or privacy concerns, Defendants shall submit those documents **on or before October 3, 2018**, to chambers for *in camera review*;

(3) if Defendants find no documents responsive to the narrowed RFPs, then Defendants shall

so certify on the record by filing a written declaration.

*RFPs related to Policies and Procedures*

"In Requests 10, 11, 12, and 13, Plaintiff seeks documents relating to CDCR's policies and procedures governing specific issues." *Id*. As to requests 10-13, Defendant has stated that he does not have any relevant "policies or procedures" responsive to Plaintiff's request. More specifically, as to RFP 10, Plaintiff requests policies and procedures relating to the "informed consent when referring to psychotropic medications." Requests for Production (Doc.55) at 10. In response, Defendant first defines that he was a former member of the SVSP's medical staff, not a member of the mental health staff and that states that "SVSP's medical staff—which is separate and distinct from the mental health staff—does not prescribe medications to control behavior, and does not use 'Informed Consent Forms.' Dr. Tuvera of the medical staff therefore does not have any relevant 'policies or procedures' responsive to Plaintiff's request." *Id*. at 20. Defendant then states that "medical staff may prescribe psychotropic medications if those medications are approved to manage pain." Defendant also points Plaintiff to Title 15 of the California code of Regulations, Sections 3363 and 3364, which govern inmate's "Right to Refuse Treatment" and "Involuntary Medication," concerning any CDCR policies and to www.cchcs.ca.gov, which contains the rules that govern the prescription of pain medications. The court finds no basis to compel Defendant for any further response to this request.

As to RFPs 11 and 12, Plaintiff seeks policies and procedures concerning "pain management when relating to shingles" and policies and procedures relating to "the housing of inmates when [the] inmate has a feeding tube hanging out of [his] stomach, [is] fresh out of brain surgery, and [wearing] a protective helmet." *Id*. at 10. Defendant responds that it has no policies and procedures related to these specific instances and that "that such instances are governed by general medical standards." Disc. Letter (Doc. 54) at 3. The court finds no basis to compel Defendant for any further responses to these requests.

As to RFP 13, "Plaintiff seeks all documents relating to policies and procedures governing the 'processing, reviewing, addressing, and conflicts of interest' concerning inmate

appeals and staff complaints." *Id*. Defendant has directed Plaintiff "to Title 15 of the California Code of Regulations which govern[s] inmate appeals and staff complaints" and "objects that the request was far too overbroad, making compliance impossible." *Id*. at 3-4. The court agrees with Defendant's objections. Title 15 contains articles and sections dealing with grievances, and inmate appeals. Those sections are available to the general public and the court finds no basis to compel Defendant to provide any further response to this request.

Accordingly, Plaintiff's request to compel RFPs 10, 11, 12, and 13 are DENIED.

**IT IS SO ORDERED.**

Dated: September 12, 2018.

ROBERT M. ILLMAN
United States Magistrate Judge